UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin Andrew Lee, | ) | C/A No. 5:15-cv-02966-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Linda Thomas, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal prison inmate appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court recommends that it should be summarily dismissed.

I.      Factual Background

In June 2010, Calvin A. Lee ("Petitioner") was convicted in this court on a guilty plea to a charge of conspiracy to distribute cocaine base and sentenced to 140 months in prison. *United States v. Lee*, No. 8:09-cr-788-TMC-6 (D.S.C. June 23, 2010), ECF No. 285. Four years later, on June 23, 2014, Petitioner submitted a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, seeking a change of his sentence based on 2013 decisions by both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Mot. Vacate, No. 8:09-cr-788-TMC, ECF No. 388 ("Motion to Vacate"); *see United States v. Descamps*, 133 S. Ct. 2276 (2013); *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013). The Government's response to the Motion to Vacate shows Petitioner was sentenced under the "Career Offender" provision of the United States Sentencing Guidelines ("USSG"), USSG § 4B1.2(a)(2); and the Government argued that the Motion was both untimely and unmeritorious.

*See* Resp. to Mot. Vacate 3-4, No. 8:09-cr-788-TMC, ECF No. 400; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"). United States District Judge Timothy M. Cain denied the Motion to Vacate on January 26, 2015. No. 8:09-cr-788-TMC, ECF No. 426. In June 2015, Petitioner filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which was based on a recent amendment to the USSG. Judge Cain denied that motion on October 9, 2015. *Id*. at ECF Nos. 438, 448.

In the § 2241 Petition under review, Petitioner now asserts that his current confinement is unconstitutional pursuant to the Supreme Court's recent opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding the Armed Career Criminal Act ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), void for vagueness). Pet. 1, ECF No. 1. Petitioner asserts that the residual clause of the ACCA and the "crime of violence" definition under the USSG's Career-Offender provision are "identical" and that the predicate state convictions used to enhance his sentence (two for assault and battery of a high and aggravated nature and one for third-degree burglary) "can no longer be used [to enhance his base sentence] . . . ." ECF No. 1-1 at 8; *see* ECF No. 1 at 6-7. Petitioner alleges that the § 2255 remedy is inadequate and ineffective in his case because the § 2255 motion that he filed in 2013 was denied "on procedurally default and the nonretroactivity of Descamp." ECF No. 1-1 at 4.[1] Petitioner asks this court "to grant relief under Johnson's ruling . . . or whatever the Court may see deem as Justice in the eyes of the Law," ECF No. 1-2 at 9; *see also* ECF No. 1 at 8.

---

[1] In his Answers to the Court's Special Interrogatories, Petitioner states that he did not request authorization from the Fourth Circuit to file a second § 2255 motion based on his current *Johnson*-related arguments before filing the Petition in this case. ECF No. 9.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a pleading's clear failure to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

III.     Discussion

The Petition under review should be dismissed because § 2241 is not the proper statutory basis for the challenge to his sentence that Petitioner raises. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *see also United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). On the other hand, a petition filed under § 2241 typically is used to challenge the manner in which a sentence is *executed*. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Surratt*, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting *Rice*, 617 F.3d at 807)).

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

4

> "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."

*Surratt*, 797 F.3d at 247 (quoting *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). Petitioner's contention that the § 2255 remedy is an inadequate or ineffective means to provide the relief he now requests because his initial motion was denied in 2013, *see* ECF No. 1-2 at 4, does not require application of the savings clause in this case. *See In re Vial*, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.") (citations omitted); *see also Surratt*, 797 F.3d at 252 (same).

In addressing claims asserted under § 2241 relating to the validity of enhanced sentences, the Fourth Circuit has repeatedly held that the savings clause preserves only claims in which the petitioner alleges actual innocence of a conviction, *Surratt*, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences, *see United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). *See also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (per curium) (noting the district court properly determined a petitioner could not challenge a career-offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327, 328-29 (4th Cir. 2013) (per curium) (finding petitioner's challenge to ACCA sentence enhancement was not cognizable under § 2241 by way of the § 2255 savings clause). In this regard, the Fourth Circuit has stated that "the Supreme Court has told us," actual innocence "'means factual innocence, not mere legal

5

insufficiency.'" *Surratt*, 797 F.3d at 250 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

In this case, Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted—conspiracy to distribute cocaine base—has been deemed non-criminal by any substantive law change since his first § 2255 motion. Rather, Petitioner challenges the legal classification of three predicate offenses used to enhance his sentence. This "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to trigger relief under the savings clause. *Surratt*, 797 F.3d at 250. Furthermore, Petitioner cannot claim in good faith that the § 2255 remedy is ineffective and inadequate to test the legality of his confinement in any event because he has not attempted to obtain authorization from the Fourth Circuit to file a second § 2255 motion to raise the *Johnson* claim he asserts in the § 2241 Petition under review. *See* 28 U.S.C. § 2244(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Finally, Petitioner's reliance on the Supreme Court's opinion in *Johnson v. United States* to challenge his sentence is misplaced because Petitioner alleges an improper career-offender enhancement pursuant to the USSG. Although he asserts that certain language in that provision of the USSG is "identical" to that used in the ACCA residual clause that was found to be unconstitutionally vague, Petitioner provides no indication that his sentence was enhanced under the residual clause of the ACCA, which is the only language the *Johnson* Court addressed. Additionally, the Fourth Circuit has not addressed the issue of whether *Johnson*'s holding applies to guidelines sentences. *But see United States v. Rivero*, 797 F.3d 986, 989-91 (11th Cir. 2015) (finding *Johnson* is not retroactive, distinguishing USSG sentencing from ACCA sentencing, and

refusing to authorize a successive § 2255 to raise a *Johnson* challenge to a USSG sentence); *Price v. United States*, 795 F.3d 731, 734-35 (7th Cir. 2015) (finding *Johnson* retroactive and granting authorization for a successive § 2255 motion to challenge an ACCA-enhanced sentence).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.[2]

IT IS SO RECOMMENDED.

November 17, 2015                                            Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] If this recommendation is adopted, the Clerk of Court is directed to send a copy of this Report and Recommendation and a copy of the District Judge's Order to the Federal Public Defender to evaluate whether *Johnson* may entitle the Petitioner to relief through other procedural means. *See Standing Order*, No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015) (authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in *Johnson*).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).